State v. Montoya, 23 N. M., 657

---

(No. 2088.    January 29, 1918.)

## STATE v MONTOYA.

### SYLLABUS BY THE COURT.

Venue may be established like any other fact, and it may be found upon circumstantial evidence. Evidence examined and held sufficient to establish venue.

Appeal from District Court, Sierra County; Mechem, Judge.

Francisco Montoya was convicted of the larceny of neat cattle and he appeals. Affirmed.

Rody & Rodey, of Albuquerque, for appellant. George C. Taylor, Asst. Atty. Gen., for the State.

### OPINION OF THE COURT.

PARKER, J.    Appellant was tried and convicted in the district court of Sierra county of the larceny of one head of neat cattle, the property of one Charles

Sutherland. He was sentenced to the penitentiary, and prosecutes this appeal.

The single question argued by appellant is the failure of the state to prove that the animal was stolen in Sierra county. The indictment laid the venue of the crime in that county. He raised this question in the court below by a motion for an instructed verdict at the conclusion of the evidence offered on behalf of the state, and also by a demurrer to the evidence. The defendant did not testify. The facts are as follows: The animal alleged in the indictment to have been stolen was a heifer about one year old when missed in Sierra county. The owner, Mr. Sutherland, ranged his cattle in Sierra county near the town of Monticello, some six or seven miles south· of the north line of Sierra county. Appellant for some months previous to the alleged larceny of the animal was engaged as a cowboy on the Currycomb ranch, working for Messrs. Hammond and Wallace, some five or more miles north of the town of Monticello in Sierra county. Mr. Sutherland, the owner of the heifer, missed her the middle or latter part of December, 1914. Along in January, 1915, appellant asked his employers in Socorro county for leave to put a heifer in their pasture there. Permission was granted and a few days later the heifer in question was put in the pasture and some six months ·later Mr. Sutherland found the heifer at Tom Hill's ranch in Socorro county, where defendant' had brought her. The country around Monticello in Sierra county, where Sutherland ranged his cattle, was an open range country. No one testified to having seen defendant take the heifer into his posession in Sierra county. Appellant's father lived in Sierra county near the Sutherland ranch, and Mr. Hammond testified appellant frequently visited at his father's home in Sierra county and that in December, 1914, appellant made two trips to Sierra county in the vicinity of Monticello looking for cattle belong to his employers. In January appellant asked his employers for permission to put a ·heifer with their cattle, giving as his reason therefor that feed or grass was scarce at his father's ranch. ·

From the above it will be. seen that the only proof of venue was circumstantial. Appellant contends that the court should have sustained his motion because no one saw him take the heifer in Sierra county, and that she might have wandered into Socorro county and the larceny have been committed there. We think, however, the proof was sufficient to establish the larceny in Sierra county. This was the accustomed range of the herd of cattle of which the heifer was a part, and the finding of the animal in the possesion of the appellant shortly after the time she was first missed from her accustomed range was a strong circumstance tending to establish the fact that he drove her from Sierra county. Circumstantial evidence alone may be sufficient to establish the venue of a crime. Wills on Circumstantial Evidence, p. 46, L.

"Venue may be established like any other fact, and it may be found upon circumstantial evidence." 13 Ency. of Ev. p. 932.

We think the evidence was sufficient in this regard, therefore the judgment must be affirmed; and it is so ordered.

ROBERTS, J., concurs. HANNA, C. J., being absent, did not participate.